# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Plaintiff,

v.

STATE OF NEVADA, *et al*.,

    Defendants.

Case No. 2:10-CV-01038-KJD-PAL

**ORDER**

    Presently before the Court is the Order and Report of Findings and Recommendation (#28) of Magistrate Judge Peggy A. Leen recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. The order also denied several of Plaintiff's motions. Plaintiff filed timely objections (#29) to the magistrate judge's recommendations to which Defendant David Roger replied (#32). Also before the Court are Plaintiff's Motions to Amend the Complaint (#12/30). The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court finds that the Order and Report of Findings and Recommendation (#28) of the United States Magistrate Judge entered January 31, 2011, should be adopted and affirmed for the following reasons.

    First, the magistrate judge correctly concluded that absolute prosecutorial immunity barred Plaintiff's claims, even for post-litigation conduct. See Demery v. Kupperman, 735 F.2d 1139, 1144

(9th Cir. 1984)("prosecutors are absolutely immune from civil suits alleging wrongdoing with regard to post-litigation as well as pre-litigation handling of a case"). Kupperman correctly recognizes the danger to prosecutors: "prosecutors are . . . particularly susceptible to harassment suits because '[t]he loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.'" Id. (quoting Butz v. Economou, 438 U.S. 478, 512-13 (1978)). This Court has recognized Plaintiff Friedman's use of litigation to punish all those connected in some way to his state court prosecution and conviction and to leverage his ongoing post-conviction *habeas* proceedings. See Friedman v. Subway, 2:04-cv-01626-KJD-LRL, Order (#142)(citing Friedman v. Hardcastle, 2:04-cv-00285-RLH-LRL)(finding that Plaintiff had a history of bringing civil actions against those involved in his state court criminal conviction including witnesses, police, prosecutors, and the state court judge), *aff'd* Friedman v. Fadley, 292 Fed. Appx. 630 (9th Cir. 2008). This allegation is further buttressed by the fact that Plaintiff has requested that this action be consolidated with his ongoing *habeas* proceeding.

Second, granting Plaintiff motion leave to amend would be futile, because the requested amendments do not overcome Defendants' prosecutorial immunity. Third, adding Las Vegas Metropolitan Police Department as a defendant is also futile, because the statute of limitations has expired. Plaintiff alleges that his requests for return of the property began in 2003. Plaintiff should have known no later than February 2006, and a finder of fact could easily determine that he should have known earlier, that a claim had arisen. Yet Plaintiff did not file this action until June 28, 2010.

Fourth, Plaintiff's action is barred by the *Rooker/Feldman* doctrine. The Rooker-Feldman doctrine is based on the statutory proposition that federal district courts are courts of original, not appellate jurisdiction. See In re Sasson, 2005 WL 2210195 (9th Cir. 2005)(citing 28 U.S.C. § 1331, 1332). Therefore, federal district courts have "no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). Only the Supreme Court has original jurisdiction to review the final judgments or

decrees rendered by the highest state court of a state in which a decision could be had.  See Sasson at 5 (citing 28 U.S.C. § 1257(a)).

Plaintiff alleges that he filed motions for return of his property in the underlying state court proceedings.  That is the appropriate venue for actions involving property seized as part of a criminal investigation.  See Maiola v. Nev., 82 P.3d 38, 40 (Nev. 2004)(analogizing to Federal Rule of Civil Procedure 41(e), "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property seized for the return of the property")(citing Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1994)(post-conviction motion for return of property treated as civil equitable action and the district court where claimant tried has jurisdiction)) *w'drawn for rehearing by* Maiola v. Nev., 90 P.3d 978 (Nev. 2004); *but see* Maiolo v. Nev., 99 P.3d 227, 230 (Nev. 2004)(holding that court that determines property is illegally seized maintains equitable jurisdiction to determine whether property should be returned to its owner). Plaintiff's appropriate remedy if the motion in state court was denied, was to file an appeal to the Nevada Supreme Court.  If the Nevada Supreme Court upheld the district court, then Plaintiff's remedy was to appeal to the United States Supreme Court.

For the Court to determine in this action that defendants violated a constitutional or statutory right, the Court would have to determine that the state court erred in denying Plaintiff's motion. Since no such judgment has been issued by a court with jurisdiction, this Court would be unable to find for Plaintiff without reviewing the final determination of a state court.  This Court is without jurisdiction to conduct such a review.  Accordingly, the Court must adopt and affirm the recommendation of the magistrate judge that this action be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that the Order and  Report of Findings and Recommendation (#28) of the United States Magistrate Judge entered January 31, 2011, is **ADOPTED** and **AFFIRMED**;

1   IT IS FURTHER ORDERED that Plaintiff's complaint is **DISMISSED with prejudice for failure to state a claim upon which relief can be granted**;

3   IT IS FURTHER ORDERED that Plaintiff's Motions to Amend the Complaint (#12/30) are **DENIED as futile**;

5   IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

6   IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 18th day of March 2011.

_____
Kent J. Dawson
United States District Judge