UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH A. FRIEDMAN, | ) | |
| | ) | |
| Plaintiff - Appellant, | ) | 2:10-cv-01038-KJD-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA; et al., | ) | |
| | ) | |
| Defendants - Appellees. | ) | |

    This matter is before the Court on referral from the United States Court of Appeals for the Ninth Circuit for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.

    This case initially came to the Court on Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint states that it is an action for the return of seized property which is being held by Defendants. He seeks to recover a variety of items seized from his possession during searches incident to his arrest on charges of indecent exposure and open and gross lewdness.

    Section 1983 claims against states are legally frivolous. Plaintiff's claims against Defendants Cortez Masto, Roger and Luziach are for actions taken in their prosecutorial capacities for which they are absolutely immune from liability. Plaintiff's claim against Las Vegas Metropolitan Police Department fails to allege any policy ordinance, regulation, or officially-

1  adopted decision which would subject it to liability, thereby failing to state a claim.  To the extent
2  that Plaintiff, through this action, is attempting to challenge his conviction in state court, he fails to
3  state a claim upon which relief can be granted.  It does not appear that his conviction has been
4  reversed on direct appeal, expunged by executive order, declared invalid or called into question.
5  <u>Heck v. Humphrey</u>, 512 U.S. 477, 484 (1994).  Plaintiff's request for return of property does not
6  state a federal claim.  Replevin or Claim and Delivery is a state law remedy.  (N.R.S. 31.840, et seq.)
7  For the foregoing reasons, Plaintiff's complaint was dismissed for failure to state a claim upon which
8  relief can be granted.

9  Also before the Court is Plaintiff's Motion for Relief from Order Dismissing Case (#37).
10 Plaintiff merely reargues his objections to the magistrate judge's order.  Therefore, the Court denies
11 Plaintiff's motion.  To the extent that Plaintiff argues that the Court should recuse itself, the Court
12 must decline.  In seeking to recuse a judge based on alleged prejudice or bias, the alleged prejudice
13 must result from an extrajudicial source.  See <u>U.S. v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1985).  A
14 judge's prior, adverse ruling is not sufficient cause for recusal.  See <u>Mayes v. Leipziger</u>, 729 F.2d
15 605, 607 (9th Cir. 1984).

16 Accordingly, Plaintiff should not be permitted to proceed *in forma pauperis* where, as here,
17 the appeal is frivolous and not taken in good faith.  28 U.S.C. §1915(a)(3).

18 Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* status is
19 **REVOKED**;

20 IT IS FURTHER ORDERED that Plaintiff's Motion for Relief from Order Dismissing Case
21 (#37) is **DENIED**.

22 DATED:  May 13, 2011.

_____
Kent J. Dawson
United States District Judge